Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **CALVIN FARNSWORTH**, | ) Case No. |
| Plaintiff, | ) **COMPLAINT** |
| vs. | ) |
| **MIDLAND CREDIT MANAGEMENT, INC.**, | ) |
| Defendant. | ) |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff further alleges a claim for invasion of privacy ancillary to Defendant's collection efforts.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

## III. PARTIES

3. Plaintiff, Calvin Farnsworth, is a natural person residing in Pawtucket, RI.

4. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

Complaint - 1

5. Defendant, Midland Credit Management, Inc., is a corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) trying to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

## IV.  FACTUAL ALLEGATIONS

7. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

   a) After having received a timely written communication from Plaintiff disputing the debt, continuing to contact Plaintiff without having first having provided validation of the debt (§ 1692g(b));

   b) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including threatening to report the alleged debt to Plaintiffs credit report (§ 1692e(5));

   c) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including referring Plaintiff to Home Depot (the original creditor) for information, where Defendant knew that Home Depot was no longer the creditor and that Midland Funding (the current creditor) has been provided all pertinent documentation by the original creditor (§ 1692e(10).

8. Defendant's aforementioned violations of the FDCPA also constitute an invasion of Plaintiff's right to privacy, causing injury to Plaintiff's feelings, mental anguish and distress.

9. Defendant's aforementioned violations of the FDCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person. With respect to these activities of Defendant, Plaintiff had a subjective expectation of privacy that was objectively reasonable under the circumstances.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

10. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages;

    C.    Statutory damages;

    D.    Costs and reasonable attorney's fees; and,

    E.    For such other and further relief as may be just and proper.

## COUNT II: COMMON LAW INVASION OF PRIVACY BY INTRUSION

11. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

        A.     Actual damages

        B.     Punitive Damages; and,

        C.     For such other and further relief as may be just and proper.

## **PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 17th day of March, 2009

                By: s/ Marshall Meyers
                      Marshall Meyers (020584)
                      WEISBERG & MEYERS, LLC
                      5025 North Central Ave., #602
                      Phoenix, AZ 85012
                      602 445 9819
                      866 565 1327 facsimile
                      mmeyers@AttorneysForConsumers.com
                      Attorney for Plaintiff